UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAJERE FAUNTLEROY,<br><br>Plaintiff,<br><br>v.<br><br>CONIFER REALTY, LLC,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-3105 (KMW-MJS)<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff Majere Fauntleroy's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her monthly income is $3,200.00 and her expenses total to $3,050.00 monthly. IFP Application ¶¶ 1, 8. Plaintiff asserts that she does not have other liquid assets, nor does she have a spouse to contribute income or share in expenses, nor does she have any dependents, ¶¶ 1-8; and

WHEREAS, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

WHEREAS the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

THE COURT FINDING that because Plaintiff's monthly expenses do not exceed her income, Plaintiff has failed to demonstrate that she cannot pay the costs of litigation, and thus the Court denies the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court is to dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to establish jurisdiction.

While the Court has the obligation to construe a *pro se* litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). Further, pro se plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025).

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte*, as it cannot hear or decide a case without subject matter jurisdiction, and thus may address any issues as to subject matter jurisdiction at any stage of the litigation, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010);

WHEREAS, Plaintiff asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332, which provides the district courts with jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000.00, and is between citizens of different States, or citizens or subjects of a foreign state, *see* 28 U.S.C. § 1332 (a)(1) & (2); and

WHEREAS, while Plaintiff asserts that Defendant is from the State of New York, ("Conifer Realty, LLC, is a real estate management company headquartered at 1000 University Avenue, Suite 500, Rochester, NY 14607"), mere residency in a state is insufficient to establish diversity pursuant to 28 U.S.C. § 1332, *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). Rather, the citizenship of an LLC is determined by the citizenship of each of its members, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); and

Here, Plaintiff's assertion that Defendant is from New York is insufficient to establish Conifer Realty, LLC's citizenship, and in order to successfully assert diversity jurisdiction for an LLC, Plaintiff is required to list the citizenship of each of the members of Conifer Realty, LLC. This means that if the members of Conifer Realty, LLC are individual people, Plaintiff would need to assert where each individual is domiciled.[1] If any of the members of Conifer Realty, LLC are corporations, Plaintiff would need to assert the corporation's state of incorporation and the state where its principal place of business is to properly show the corporation's citizenship. *See S. Freedman & Co., v. Raab*, 180 F. App'x 316, 320 3d Cir. 2006). If there are members of Conifer Realty, LLC who are other LLCs, Plaintiff would need to assert each of the members of each member LLC, until all members can be identified as individuals or corporations, and then assert each individual's and corporation's citizenship as described above.[2] Therefore,

---

[1] To determine an individual's citizenship the Court is to look at the individual's domicile. "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). When determining an individual's domicile, a court can consider several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business, the location of brokerage and bank accounts, the location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. See *McCann v. George W. Newman Irrevocable Trust*, 458, F.3d 281, 286 (3d Cir. 2006).

[2] "[W]here an LLC has, as one of its members, another LLC, the citizenship . . . must be traced through however many layers of . . . members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co.*, 800 F.3d at 105 n.16 (internal quotations omitted).

3

IT IS HEREBY on this 14 day of **May, 2025**

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (ECF No. 1) is hereby DENIED; and

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

**ORDERED** that Plaintiff is granted leave to amend her Complaint to address the deficiencies noted herein within 30 days of issuance of this Order and must submit payment in the amount of $405 or refile another IFP Application providing the Court with information to demonstrate indigency; and

**ORDERED** that if Plaintiff fails to amend her Complaint within thirty (30) days, the Clerk is directed to close the case without further Order from the Court; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge

4